IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JENNIFER N. PARRISH,**

      **Plaintiff,**

*vs*.                                 **CIVIL ACTION NO.  1:11CV195**
                                        **(The Honorable Irene M. Keeley)**

**BEST BUY STORES, L.P.,**
a foreign corporation;
**BEST BUY CO., INC.,**
a foreign corporation;
**E-P EQUIPMENT, USA CORP., and**
**EP EQUIPMENT CO., LTD.,**
foreign corporations,

      **Defendants.**

## ORDER/ OPINION

This matter is before the undersigned United States Magistrate Judge pursuant to a Motion to Compel Discovery Responses & Motion for Sanctions filed by Plaintiff on February 12, 2013 [Docket Entry 102].  On February 13, 2013, United States District Judge Irene M. Keeley referred said motions to the undersigned [Docket Entry 103].  Defendant, Best Buy Stores, L.P., filed a response to Plaintiff's motions on February 26, 2013 [Docket Entry 109].  On February 28, 2013, Plaintiff filed a reply to Defendant's response [Docket Entry 110].   The Court scheduled a telephonic hearing.

On March 13, 2013, came the Plaintiff by her counsel, Jeffery L. Robinette and Terry B. Tignor, and came Defendant Best Buy by its counsel, Tim Yianne, all via telephone, for hearing on the motions.

For reasons stated on the record, Plaintiff's Motion to Compel Discovery Responses & Motion for Sanctions [Docket Entry 102] is **GRANTED IN PART AND DENIED IN PART**.

Defendant is directed to produce the contact information, including telephone numbers and addresses for the individuals listed on the spreadsheet previously produced to Plaintiff within thirty (30) calendar days.

Defendant is directed to produce to the Court for *in camera* review the complete files from the Third-Party Administrator for the incidents listed on the spreadsheet within seven (7) calendar days. This production shall include any and all Third-Party Administrator files from which counsel prepared the spreadsheet previously produced to Plaintiff.

Having represented to the Court that nothing else exists relative to the two-year scope of the discovery requests, and that there is no separate file for each incident, counsel for Defendant shall contact the representative of Best Buy to ensure that all information regarding each incident has been produced. If counsel determines there is additional information available that has not been produced, Defendant shall supplement its Responses within thirty (30) calendar days.

The Court declines to consider any sanctions or awards of fees and costs at this time, pending review of the documents to be provided *in camera*.

**It is so ORDERED**.

The Clerk of the United States Court for the Northern District of West Virginia is directed to provide a copy of this order to all counsel of record.

DATED: March 13, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE